**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**JIMI LEVAR WATTS, #L5577**                                                    **PETITIONER**

**VERSUS**                                                          **NO. 1:08cv1490-HSO-JMR**

**FRANKLIN BREWER**                                                          **RESPONDENT**

## REPORT AND RECOMMENDATION

This matter is before the Court on Jimi Watts' Petition [1-1] for Writ of Habeas Corpus. The Respondent has filed an Answer [7-1] to the Petition. To date, Petitioner has not filed a response in opposition. This Court, having been advised in the premises and having considered the entire record, including the lodged state court record, the Petition [1-1], the Answer [7-1], and all relevant law, finds that Jimi Watts' Petition [1-1] for Writ of Habeas Corpus should be denied.

## STATEMENT OF THE CASE

The Petitioner, Jimi Watts ("Watts") was convicted of Possession of a Controlled Substance in the Circuit Court of George County, Mississippi. Watts was sentenced to serve a term of twenty-five (25) years in the custody of the Mississippi Department of Corrections ("MDOC"). *See* State Court Record, ("S.C.R") vol. 1, 73-74. Watts appealed his conviction and sentence, with the assistance of counsel, to the Mississippi Supreme Court. On March 4, 2008, the Mississippi Court of Appeals affirmed Watts' conviction and sentence. *See Watts v. State*, 976 So.2d 364 (Miss.Ct.App. 2008), attach. Ex. "A" to Respondent's Answer [7-2]. The records of the Mississippi Supreme Court reveal that Watts did not file a motion for rehearing with the Mississippi Court of Appeals or a petition for writ of certiorari with the Mississippi Supreme Court.

Watts filed the instant Petition [1-1] for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 raising the following ground (as stated by Petitioner):

Ground One: Suppression of evidence that could have cleared me.

(*See* Pet. [1-1].) Watts is currently in the custody of Dwaine Brewer, Warden of the Stone County Correctional Facility in Wiggins, Mississippi.

**ANALYSIS**

The Respondent submits, and the Court agrees, that the sole claim raised by Watts in his present Petition [1-1] has not been presented to the State's highest court in a procedurally proper manner. Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). "Appellants seeking federal habeas relief under §2254 are required to exhaust all claims in state court prior to requesting federal collateral relief." *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999). To satisfy the exhaustion requirement, a federal habeas applicant must generally present his claims to the state's highest court in a procedurally proper manner, and provide the high state court with a fair opportunity to pass on the claims. *Nobles v. Johnson*, 127, F.3d 409, 420 (5th Cir. 1997); Carter *v. Estelle*, 677 F.2d 427, 442-44 (5th Cir. 1982). Only after the Mississippi Supreme Court has been provided with a fair opportunity to review a petitioner's claims in a procedurally proper manner can he be said to have satisfied the exhaustion requirement. The exhaustion requirement is not satisfied if the petitioner presents new legal theories or new factual claims in his federal application. *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998); *see also Nobles v. Johnson* 127 F.3d 409, 420 (5th Cir. 1997).

However, Respondent posits that Watts cannot now meet the exhaustion requirement and has procedurally defaulted his claim in state court by failing to timely seek rehearing with the Mississippi Court of Appeals - thereby, forfeiting his ability to then seek certiorari with the Mississippi Supreme Court. *See* M.R.A.P. 40 and 17. Furthermore, Watts claim is likely barred from Post-Conviction

Relief in state court as it was capable of being raised on direct appeal and was not so raised. Mississippi's Post-Conviction Collateral Relief Act, § 99-39-21(1) states:

> Failure by a prisoner to raise objections, defenses, claims, questions, issues or errors either in fact or law which were capable of determination at trial and/or on direct appeal, regardless of whether such are based on the laws and the Constitution of the state of Mississippi or of the United States, shall constitute a waiver thereof and shall be procedurally barred, but the court may upon a showing of cause and actual prejudice grant relief from the waiver.

MISS. CODE ANN. § 99-39-21(1). Therefore, Respondent submits, and this Court agrees, that there is no opportunity available for Watts to present his claims to the state court in which such claims would be deemed procedurally proper. Consequently, Watts has "technically exhausted" his claims in the instant petition and those claims are considered to be procedurally defaulted. *See Jones v. Jones*, 163 F.3d 285, 296 (5th Cir. 1998) (citations and internal quotation marks omitted) ("[W]hen federal habeas claims are technically exhausted because, and only because, [petitioner] allowed his state law remedies to lapse without presenting his claims to the state court...[,] there is no substantial difference between nonexhaustion and procedural default."); *see also Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir. 1995); *Finley v. Johnson*, 243 F.3d 215, 220 (5th Cir. 2001) ("If a petitioner fails to exhaust state remedies, but the court to which he would be required to return to meet the exhaustion requirement would now find the claim procedurally barred, then there has been a procedural default for purposes of federal habeas corpus relief.").

Procedural default of a federal claim in state court bars federal habeas review of that claim unless the petitioner can show "cause" for the default and "prejudice" attributable thereto, *Murray v. Carrier*, 477 U.S. 478, 485 (1986), or demonstrate that failure to consider the federal claim will result in a "fundamental miscarriage of justice." *Id.* at 495. Watts concedes that his sole claim in the present Petition, suppression of evidence that could have cleared [him], was not presented to the

Mississippi Court of Appeals on direct appeal or in any petition for post-conviction relief. (*See* Pet. [1-1] 6.) Thus, he has not fairly presented his claim to the state courts and therefore fails to satisfy the exhaustion requirement. *See Wilder v. Cockrell*, 274 F.3d 255, 259 (5th Cir. 2001). Also, the Court agrees with Respondent, in that Mississippi courts would find Watts' claim procedurally barred. *See* M.R.A.P. 40; *see also Spicer v. State*, 973 So.2d 184 (Miss. 2007) (petitioner's post-conviction claim was procedurally barred from review because it was capable of being raised on direct appeal). Therefore, unless Watts qualifies under one of § 2254(b)'s narrow exceptions: "cause and actual prejudice" or "miscarriage of justice," his Petition should be dismissed. *See* 28 U.S.C. § 2254(b)(1)(B).

To prove "cause" Watts must establish that some "external force" impeded the defense's efforts to comply with the procedural rule. *Coleman v. Thompson*, 501 U.S. 722, 753 (1991). The only argument that can be gleaned from Watts' Petition, in this regard, refers to the error of his counsel. In his Petition, when Watts is responding to why he did not exhaust state remedies regarding his claim in Ground One, Watts writes because "my lawyer would not allow me." (*See* Pet. [1-1] 5.) However, "attorney ignorance or inadvertence is not 'cause' because the attorney is the petitioner's agent when acting, or failing to act, in furtherance of the litigation, and the petitioner must 'bear the risk of attorney error.'" *Coleman*, 501 U.S. at 753 (quoting *Murray*, 477 U.S. at 488). Furthermore, the Fifth Circuit has made clear that a criminal defendant has no constitutional right to counsel on matters related to filing a motion for rehearing following the disposition of his case on direct appeal. *See Jackson v. Johnson*, 217 F.3d 360, 365 (5th Cir. 2000), *reh'g denied*, August 21, 2000; *see also Moore v. Cockrell*, 313 F.3d 880, 882 (5th Cir. 2002), *reh'g denied*, January 21, 2003 (citing *Ross v. Moffit*, 417 U.S. 600, 619 (1974) and reiterating the holding in *Jackson* that there is no counsel for discretionary review in state court). Also, Watts claims that he "did not know

how to proceed in this case." (*See* Resp. [4-1] Order.) Watts' ignorance, however, does not constitute "cause," as such ignorance is not an objective, external factor preventing him from raising his claim. *See Woods v. Whitley*, 933 F.2d 321, 323 (5th Cir. 1991); *see also Saahir v. Collins*, 956 F.2d 115, 118 (5th Cir. 1992). Watts has not offered any argument that a genuine external force caused the procedural violation. *See Murray*, 477 U.S. at 488 ("external forces" include, inter alia, objective factors external to the defense that impeded counsel's compliance or "some interference by officials [that] made compliance impractical").

In addition to cause, Watts must show "actual prejudice" to overcome the procedural bar. *See Coleman*, 501 U.S. at 750. A showing of prejudice requires the petitioner to prove not merely that the omission created a possibility of prejudice, but that it worked to his actual and substantial disadvantage. *See United States v. Frady*, 456 U.S. 152, 170 (1982); *Russell v. Collins*, 944 F.2d 202, 205 (5th Cir.), *cert. denied*, 501 U.S. 1278 (1991). However, "absent a showing of cause, it is not necessary for the court to consider whether there is actual prejudice." *Martin v. Maxey*, 98 F.3d 844, 849 (5th Cir. 1996) (citing *Saahir*, 956 F.2d at 118).

Watts also cannot establish that procedural default would occasion a miscarriage of justice. The fundamental miscarriage of justice exception to the rule that state procedural default bars federal habeas review is limited to cases where the petitioner can make a persuasive showing that he is actually innocent of the charges against him. *See Coleman*, 501 U.S. at 750; *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir. 1995). To meet this test, Watts needed to supplement his constitutional claim with a colorable showing of factual innocence, i.e., "a fair probability that, in light of all the evidence, including that... evidence tenably claimed to have been wrongly excluded or to have become available only after the trial, the trier of the facts would have entertained a reasonable doubt of his guilt." *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992) (citations and quotations omitted); *see*

*also Callins v. Johnson*, 89 F.3d 210, 213-214 (5th Cir. 1996) ("This miscarriage of justice exception is concerned with actual as compared to legal innocence[.]") To establish the requisite probability that he was actually innocent, Watts must support his allegations with new, reliable evidence that was not presented at trial. *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999) Essentially, Watts must show that, as a factual matter, he did not commit the crime for which he was convicted. *Id.* However, Watts has not offered any new evidence that was not presented at trial, nor has he even sufficiently raised a "factual innocence" argument. Expounding upon his claim that evidence was suppressed that could have cleared him, Watts asserted in his Petition that:

> My witnesses were told the day of trial that I did not have court that it was only a jury selection. I was tried and convicted that day. One witness was the owner of the property where my wife's truck was being worked on. The other had a background check done by the police. At court, the officers said I was alone at the scene.

(*See* Pet. [1-1] 5.) However, the record does not support this accusation. The record reflects that on October 16, 2006 defense counsel appeared in court, announced ready for trial and argued several motions on behalf of Watts; defense counsel never requested a continuance. (*See* S.C.R. vol. 2, 4-19.) Trial was scheduled to begin the next day on October 17, 2006, however, due to an insufficient number of jurors in the jury pool, trial was continued until the following morning. *Id.* at 19-20. Again, the Court notes that Watts did not seek a continuance. *Id.* The following morning, October 18, 2006, defense counsel announced ready for trial and the trial began - at no time thereafter did Watts seek a continuance. (*See* S.C.R. vol. 2 and 3, 21-192.)

Furthermore, whether or not Watts' wife's truck was "worked on" in a mechanic shop the day of the crime was of no consequence to the facts of the trial. Testimony of this fact was presented at trial that was not objected-to or contradicted by the state. Watts' statement, "I just got it out of the mechanic's shop... [and] really don't know what's in there," that was given to the MBN officer

that found the bag cocaine in the driver's seat of the truck was presented to the jury on the direct of examination of that officer. (*See* S.C.R. vol. 2, 101.) Furthermore, Watts' theory that anyone, including a mechanic, could have put the cocaine in his wife's truck was presented to the jury. Watts' defense counsel presented this argument to the jury during closing arguments. (*See* S.C.R. vol. 3, 173-174.) Watts simply has not shown that, as a factual matter, he did not commit the crime of Possession of a Controlled Substance. *See Fairman*, 188 F.3d at 644.

Indeed, sufficient evidence was presented at trial to find Watts guilty of Possession of a Controlled Substance by constructive possession. After receiving a tip concerning Watts and illegal drug activity in The Grove, officers found Watts sitting on a tire approximately ten (10) feet from his wife's truck in an area known as The Grove in Lucedale, Mississippi. (*See* S.C.R. vol. 2, 97-101.) One of the officers had seen Watts driving the vehicle approximately fifteen (15) to twenty (20) minutes prior to receiving the tip on the day of the crime, and the officer also stated that he had seen Watts drive that vehicle on numerous occasions. *Id.* at 122-125, 128. Also, another officer stated that he had seen Watts driving the truck approximately ten (10) to fifteen (15) different occasions prior to the day of the crime and that Watts was the only individual that he had ever seen drive that particular vehicle. (*See* S.C.R. vol. 2, 105.) The officers found a brown paper bag containing 6.59 grams of crack cocaine sitting in the driver's seat of the vehicle. (*See* S.C.R. vol. 2, 90.) Under the standard of the miscarriage of justice exception and in light of the testimony presented at trial by law enforcement officers establishing Watts guilt of the charge of Possession of a Controlled Substance, Watts has not established that a fundamental miscarriage of justice will result if his claim is not considered on the merits. *See Coleman*, 501 U.S. at 750; *Ward*, 53 F.3d at 108. Accordingly, this Court is precluded from considering Ground One presented in Watts' habeas petition due to his default in the courts of Mississippi.

Based on the foregoing analysis, the Court finds that Watts failed to present his claim to the state courts, that his claim would be barred under Mississippi law, and that he does not qualify for the equitable exceptions carved out in § 2254(b). Thus, Watts is not entitled to habeas relief for his suppression of evidence claim raised in Ground One.

## **CONCLUSION**

For the reasons discussed above, this Court recommends that Watts' Petition [1-1] for Writ of Habeas Corpus be denied. In accordance with Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the district Court. *Douglass v. United States Auto. Ass'n*, 79 F.3d 1425 (5th Cir. 1996).

This the   13th   day of April, 2010.

                                                        s/ John M. Roper, Sr.
                                      CHIEF UNITED STATES MAGISTRATE JUDGE